UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J.J.L. RISKY BUSINESS III, L.L.C., JACK J. LAFONT, and SUNDERLAND MARINE MUTUAL INSURANCE CO. LIMITED | CIVIL ACTION |
| VERSUS | NO. 05-0014 |
| COMSTOCK OFFSHORE, LLC, ESSI CORP., and EAGLE CONSULTANTS, L.L.C. | SECTION "F" |

ORDER AND REASONS

Before the Court is Comstock's Motion to Alter or Amend (Reconsideration) of the Order and Reasons of this Court Dated February 22, 2006. For the reasons that follow, Comstock's motion is DENIED.

Background

On the night of January 4, 2004 while shrimping in the Gulf of Mexico, the F/V WINDS OF CHANGE allided with an unlit single-pipe well structure.[1]

The allision damaged the vessel and the platform. The vessel's owners, Risky Business and Jack LaFont, and the vessel's insurer, Sunderland Marine Mutual, sued Comstock, the owner of the

---

[1] A more complete recitation of the facts is set forth in this Court's February 22, 2006 Order and Reasons; those facts have not changed.

1

well structure, for damage to the vessel, alleging that defendant failed to properly light and mark the platform.  Comstock filed a counterclaim against plaintiffs to recover for damage to its platform.  Comstock also filed a third-party complaint against two companies, Eagle Consultants and ESSI Corporation, that were charged with maintaining the navigation aid equipment on this and other well structures owned by Comstock.

Comstock moved for summary judgment,[2] which the Court denied, citing the functionality of the navigation aids on the night of the allision as an issue of material fact still in dispute (and thus noting that a determination as to whether the rule of The Pennsylvania applies to shift the burden of proof on causation to Comstock was premature).  Comstock now asks the Court to reconsider its ruling.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment.

---

[2] Comstock moved for summary judgment on the ground that there is no evidence that Comstock -- having delegated maintenance of the navigation aid equipment to independent contractors -- knew or should have known that the navigation aid lights on the structure were inoperable on the day of the allision.

Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because the present motion for reconsideration was filed within ten days of entry of the Court's Order denying summary judgment and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004). Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). The grant of such a motion is an "extraordinary remedy." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing

3

Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

II.

Comstock persists with the same arguments that failed to persuade the Court to grant summary judgment. Comstock similarly fails to convince the Court that the extraordinary remedy of granting reconsideration is warranted. Comstock has not shown that there was a mistake of law or fact in the Court's prior ruling. Nor does Comstock present new evidence that undermines the Court's February 22, 2006 Order.

Accordingly, Comstock's motion for reconsideration is DENIED.

New Orleans, Louisiana, May 3, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE